Aaron W. Baker, OSB # 922220
888 SW Fifth Avenue, Suite 650
Portland, OR 97204
Telephone: 503/ 234-8800
Facsimile: 503/ 525-0650
awblaw@earthlink.net

Robert K. Meyer, OSB #086470
1001 SW Fifth Avenue, Suite 1100
Portland, OR 97204
Telephone: 503/ 471-2818
Facsimile: 503/220-1815
robertmeyer@gmail.com

Attorneys for Plaintiff

# IN THE UNTIED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### PORTLAND DIVISION

| | |
|---|---|
| **JUSTIN PORTER**,<br><br>            Plaintiff,<br><br>     v.<br><br>**LUXOTTICA RETAIL NORTH AMERICA, INC. doing business as SUNGLASS HUT**,<br><br>            Defendant. | Case No. 3:13-cv-1305_____<br><br>COMPLAINT<br><br>(USERRA Violations)<br><br>**DEMAND FOR JURY TRIAL** |

**Nature of the Action**

1.

Plaintiff brings this action for monetary relief, damages, costs, liquidated damages, attorney fees and prejudgment interest for himself to redress injuries done to him by Defendant or officers, employees or agents of said Defendant in violation of his federally protected rights under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), 38 U.S.C. § 4301 *et seq.*

### Jurisdictional Allegations

2.

The court has jurisdiction over Plaintiff's federal claims pursuant to 38 U.S.C. § 4323(b)(3) and 28 U.S.C. §§ 1331 and 1343.

3.

Venue is proper within the District of Oregon, Portland Division, pursuant to 28 U.S.C. § 1391(b) because all or substantially all of Plaintiff's claims arose in this judicial district.

### General Factual Allegations

4.

Defendant was and is at all times herein mentioned a foreign corporation and is and was at all times herein mentioned doing business in Oregon.

5.

At all material times, Plaintiff served in the "uniform services" as defined at 38 U.S.C. § 4303(13) as a member of the United States Air Force.

6.

At all material times, Plaintiff was supervised by Defendant's employees or agents and Plaintiff relied on the actual or apparent authority of Defendant's employees, supervisors and management. Defendant acted through its agents and employees.

7.

Plaintiff began his employment with Defendant on or about January 2006.

8.

For several years, Plaintiff worked as a store manager for Defendant in the Washington Square Mall in Beaverton, Oregon.

9.

In 2010, Plaintiff transferred to Texas, where he worked as a store manager for Defendant until April 2011.

10.

Plaintiff was called to active duty military service from April 18 to August 8, 2011.

11.

Before his service began, Plaintiff notified Defendant of his need to take leave from work due to his military service as well as the duration of his military deployment.

12.

Plaintiff kept Defendant updated about the length of his leave and his desire to be reemployed in the Portland area.

13.

Plaintiff immediately notified Defendant's Portland area management upon his return from military leave in August of 2011 and timely sought reemployment from Defendant pursuant to 38 U.S.C. § § 4312(a)(3) and (e).  Defendant's Regional Manager for the Portland area, Brian Meadows, told Plaintiff he could not reemploy him despite the fact that Plaintiff was returning from military leave because Plaintiff had been terminated and classified as ineligible for rehire.

14.

After Plaintiff learned of his termination and ineligibility for rehire, Plaintiff followed up with Defendant's Human Resources Department about his job status.  Plaintiff explained that he had been on active duty military service and had notified Defendant of such before he left his position in April 2011.  In response, a Human Resources representative explained that a mistake had been made and corrected Plaintiff's status to eligible for rehire.

15.

Shortly thereafter, Plaintiff informed Meadows that H.R. had changed his status to eligible for rehire.  Plaintiff again asked Meadows to be rehired.  But Meadows still refused to rehire Plaintiff to his former position or any other position with Defendant.

16.

At least one position for store manager became available at the Washington Square Mall in or about November 2011.  Despite Plaintiff's repeated requests for employment, Defendant failed to rehire Plaintiff for this or any other position.  Defendant's refusal to rehire Plaintiff continues to the present date.

**First Claim For Relief**

**USERRA – Uniformed Services Discrimination**

17.

Plaintiff realleges paragraphs 1 through 16.

18.

Defendant discriminated against Plaintiff in the terms and conditions of his employment on the basis of Plaintiff's military service, including but not limited to:

    (a) terminating Plaintiff and classifying him as ineligible for rehire;

    (b) failing to reemploy Plaintiff upon his return from military service; and

    (c) refusing to hire Plaintiff for any available position upon his return from military service.

19.

Plaintiff's service in the military was a motivating factor in Defendant's decisions to terminate, misclassify and refuse to reemploy or hire Plaintiff for a position in Oregon.

20.

As a direct and proximate result of Defendant's conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

21.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 38 U.S.C. § 4323(h)(2).

22.

Defendant's conduct was willful. Pursuant to 38 U.S.C. § 4323(d)(C), Plaintiff is entitled to liquidated damages in the amount equal to the amount of compensatory damages awarded to Plaintiff under 38 U.S.C. § 4323(d)(B).

### Second Claim For Relief
### USERRA – Uniformed Services Retaliation

23.

Plaintiff realleges paragraphs 1 through 22.

24.

Pursuant to 38 U.S.C. § 4311(b), Plaintiff exercised rights provided for under USERRA when he: (1) requested leave to attend active military duty and (2) went on leave for active military duty.

25.

The fact that Plaintiff exercised rights provided for under USERRA was a motivating factor for Defendant's retaliation against Plaintiff, including but not limited to:

(a) terminating Plaintiff and classifying him as ineligible for rehire;

(b) failing to reemploy Plaintiff upon his return from military service; and

(c) refusing to hire Plaintiff for any available position upon his return from military service.

26.

As a direct and proximate result of Defendant's conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

27.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 38 U.S.C. § 4323(h)(2).

28.

Defendant's conduct was willful. Pursuant to 38 U.S.C. § 4323(d)(C), Plaintiff is entitled to liquidated damages in the amount equal to the amount of compensatory damages awarded to Plaintiff under 38 U.S.C. § 4323(d)(B).

### Third Claim For Relief
### USERRA – Denial of Right to Reemployment

29.

Plaintiff realleges paragraphs 1 through 28.

30.

Under 38 USC § 4313(a)(2), Plaintiff was entitled to prompt reemployment to the position he would have attained if continuously employed or a position of like seniority, status and pay.

31.

Defendant violated Plaintiff's reemployment rights by failing to reemploy Plaintiff after Plaintiff applied for reemployment at the completion of his military leave.

32.

As a direct and proximate result of Defendant's conduct, Plaintiff has incurred and continues to incur lost wages and benefits in an amount to be proven at trial.

33.

Plaintiff is entitled to recover his costs and attorney fees pursuant to 38 U.S.C. § 4323(h)(2).

34.

Defendant's conduct was willful. Pursuant to 38 U.S.C. § 4323(d)(C), Plaintiff is entitled to liquidated damages in the amount equal to the amount of compensatory damages awarded to Plaintiff under 38 U.S.C. § 4323(d)(B).

**Prayer for Relief**

WHEREFORE, Plaintiff prays for judgment against defendant as follows:

1. For permanent injunctive relief enjoining Defendant, its officers, employees and agents from engaging in any discrimination or retaliation based on military service;
2. Compensatory damages, including but not limited to lost wages and benefits, in an amount to be determined at trial;
3. Liquidated damages in an amount equal to the amount of compensatory damages awarded to Plaintiff;
4. Reasonable costs and attorney fees;
5. Prejudgment interest;
6. For such other and further relief as the Court may deem just and equitable.

DATED this 29th day of July, 2013.

*/s/ Aaron W. Baker*

Aaron W. Baker, OSB No. 922220
Of Attorneys for Plaintiff